UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

CHANCY JUNIOR COOPER,

          Plaintiff,

                                      Case No. 2:23-cv-63

v.

                                      Honorable Maarten Vermaat

ERICA HUSS et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]however, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, the following claims: (1) Plaintiff's ADA claims; (2) Plaintiff's § 1983 official capacity claims; (3) Plaintiff's Eighth Amendment excessive force claim against Defendant Huss; and (4) Plaintiff's Eighth Amendment claims for denial of medical and mental health treatment. Plaintiff's personal capacity Eighth Amendment excessive force claims against Defendants Tucker, VanAcker, Kellett, Giotto, and Fortin, as well as his personal capacity Eighth Amendment failure to intervene claim against Defendant Huss, remain in the case. The Court will also deny Plaintiff's request for the appointment of counsel (ECF No. 1, PageID.10).

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Warden Erica Huss and Correctional Officers Unknown Tucker, Unknown VanAcker, Unknown Kellett, Unknown Giotto, and Unknown Fortin. Plaintiff indicates that he is suing Defendants in their official and personal capacities. (ECF No. 1, PageID.6.)

Plaintiff alleges that on August 11, 2022, he was assaulted by Defendants Tucker, VanAcker, Kellett, Giotto, and Fortin. (*Id.*, PageID.7.) Specifically, Plaintiff alleges that these Defendants took him "off camera and stripped him completely naked." (*Id.*, PageID.8.) They then proceeded to "beat him by punching, kicking, slapping, and stomping, until [Plaintiff] passed out." (*Id.*) Plaintiff was then kicked in the nose, causing two black eyes. (*Id.*) Plaintiff alleges this all occurred while he was in handcuffs. (*Id.*) He claims that during the use of force, Defendant Huss came into the block, said, "[T]hat's what your ass gets for putting your hands on one of my CO's," and then spit on Plaintiff. (*Id.*, PageID.8.)

Plaintiff avers that he suffers from ADHD, ADD, manic depression, bipolar disorder, anxiety, PTSD, initial intermittent explosive disorder, and unspecified personality disorder. (*Id.*, PageID.7.) Plaintiff contends that his mental disabilities are apparent and that Defendants knew or should have known that discriminating against Plaintiff would violate federal law. (*Id.*, PageID.8.) Plaintiff alleges that after this incident, he "collapsed into a decompensate[d] mental state and fell into a mental episode." (*Id.*, PageID.7.) Plaintiff avers that Defendants Tucker, VanAcker, Kellett, Giotto, and Fortin refused to call the mental health department for Plaintiff to receive treatment,

and that they refused to take him to the hospital or call a nurse for his injuries. (*Id.*) According to Plaintiff, he suffers worse PTSD when he sees these officers on the yard or in the unit. (*Id.*)

Based on the foregoing, Plaintiff asserts violations of his rights under the ADA and the Eighth Amendment. (*Id.*, PageID.9.) He seeks injunctive relief, as well as compensatory and punitive damages. (*Id.*, PageID.10.) He also requests the appointment of counsel. (*Id.*)

## II.     Request for Counsel

Plaintiff requests that counsel be appointed to represent him in this action. (*Id.*) He avers that he requires counsel to effectively investigate and conduct discovery. (*Id.*) Plaintiff alleges that his mental illness hampers his ability to litigate. (*Id.*) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. The Court, therefore, will deny Plaintiff's request for counsel (ECF No. 1, PageID.10).

## III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A. ADA Claims

As noted above, Plaintiff contends that Defendants have violated the ADA—presumably, Title II of the ADA, 42 U.S.C. § 12131—by "beat[ing him] halfway to death and refus[ing] to call health care or the nurse." (ECF No. 1, PageID.9.) Plaintiff also faults Defendants for violating the ADA when they did not help him when he "collapsed into [a] mental state or mental episode." (*Id.*)

Title II of the ADA provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Mingus v. Butler*, 591 F.3d 474, 481–82 (6th Cir. 2010) (citing 42 U.S.C. § 12132). In order to state a claim under Title II of

6

the ADA, Plaintiff must show: (1) that he is a qualified individual with a disability; (2) that defendants are subject to the ADA; and (3) that he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of his disability. *See Tucker v. Tennessee*, 539 F.3d 526, 532–33 (6th Cir. 2008); *see also Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). The term "qualified individual with a disability" includes "an individual with a disability who, with or without . . . the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

Title II of the ADA applies to state prisons and inmates. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210-12 (1998) (noting that the phrase "services, programs, or activities" in § 12132 includes recreational, medical, educational, and vocational prison programs). The proper defendant under a Title II claim is the public entity or an official acting in his official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir. 2002). Plaintiff has sued Defendants in both their official and personal capacities. (ECF No. 1, PageID.6.) The Court, therefore, will dismiss any ADA claims against Defendants in their personal capacities. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (noting that "Title II of the ADA does not . . . provide for suit against a public official acting in his individual capacity").

To support his ADA claim, Plaintiff asserts that his mental disabilities are apparent and that Defendants "knew or should have known that discrimination" toward Plaintiff would violate the ADA. (ECF No. 1, PageID.8.) Beyond this conclusory allegation, Plaintiff has alleged no facts from which this Court could conclude that any of the named Defendants knew or had reason to know of Plaintiff's mental disabilities and discriminated against him because of those disabilities.

Plaintiff fails to allege that Defendants used excessive force against him and refused to provide mental health treatment, as well as treatment for his injuries, because of his disabilities. Plaintiff's conclusory allegations of an ADA violation without specific supporting factual allegations fail to state a claim. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. The Court, therefore, will also dismiss Plaintiff's official capacity ADA claims against Defendants.

### B. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### 1. Official Capacity

As noted above, Plaintiff sues Defendants in their official and personal capacities. (ECF No. 1, PageID.6.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits

in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks injunctive relief, as well as compensatory and punitive damages. Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Plaintiff's official capacity claims for damages will, therefore, be dismissed.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Graham*, 473 U.S. at 167 n.14. Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Plaintiff's complaint is devoid of any allegations suggesting that any of the named Defendants are engaged in ongoing violations of

federal law. Plaintiff, therefore, cannot maintain his claims for injunctive relief against Defendants in their official capacities.

In sum, for the reasons set forth above, Plaintiff's official capacity claims against all Defendants will be dismissed.

### 2. Personal Capacity—Eighth Amendment Claims

#### a. Excessive Force and Failure to Intervene

Plaintiff contends that Defendants Tucker, VanAcker, Kellett, Giotto, and Fortin violated his Eighth Amendment rights by using excessive force against him. (ECF No. 1, PageID.9.) He alleges that these officers stripped him and then beat him by "punching, kicking, slapping, and stomping, until [Plaintiff] passed out." (*Id.*, PageID.8.) Plaintiff was also kicked in the nose, causing him to suffer two black eyes and other injuries. (*Id.*) Additionally, Plaintiff suggests that Defendant Huss violated his Eighth Amendment rights during the incident with the officers. (*Id.*, PageID.9.) As noted above, Plaintiff alleges that Defendant Huss came into the unit during the use of force, told Plaintiff "that's what your ass gets for putting your hands on one of my CO's," and then spit on Plaintiff. (*Id.*, PageID.8.)

Plaintiff's claims must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986).

Not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (holding that "[n]ot every push or shove . . . violates a prisoner's constitutional rights" (internal quotations omitted)). On occasion, "[t]he maintenance of prison security and discipline may require that

inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011). Given Plaintiff's allegations, the Court concludes that he has set forth plausible personal capacity Eighth Amendment excessive force claims against Defendant Tucker, VanAcker, Kellett, Giotto, and Fortin.

With respect to Plaintiff's allegations concerning Defendant Huss, although deplorable and unprofessional, "a single incident of spitting does not constitute excessive force." *See Tafari v. McCarthy*, 714 F. Supp. 2d 317, 348 (N.D.N.Y. 2010); *see also Shanklin v. Seals*, No. 3:07-cv-319, 2010 WL 2942649, at *24 (E.D. Va. July 27, 2010) (finding that a single incident of spitting, while certainly deplorable and offensive, does not rise to the level of a constitutional violation). The Court, therefore, will dismiss any personal capacity Eighth Amendment excessive force claim for damages asserted against Defendant Huss.

Although the Court has determined that Plaintiff's allegations concerning Defendant Huss do not rise to the level of excessive force, an officer is liable for another officer's use of excessive force where the defendant "'observed or had reason to know that excessive force would be or was being used' *and* 'had both the opportunity and the means to prevent the harm from occurring.'" *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (emphasis in original) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)); *accord Alexander v. Carter ex rel. Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018); *Partin v. Parris*, No. 17-6172, 2018 WL 1631663, at *3 (6th Cir. Mar. 20, 2018). Here, Plaintiff explicitly alleges that Defendant Huss came into the unit during the use

11

of force and told Plaintiff "that's what your ass gets for putting your hands on one of my CO's." (ECF No. 1, PageID.8.) Plaintiff, therefore, has set forth a plausible personal capacity Eighth Amendment failure to intervene claim for damages against Defendant Huss.

### b. Failure to Provide Mental and Medical Treatment

Plaintiff next contends that Defendants violated his Eighth Amendment rights by refusing to call healthcare or a nurse after the use of force, and by refusing to call the mental health department to obtain assistance for Plaintiff. (ECF No. 1, PageID.9.)

"The Supreme Court has long recognized that the government has a constitutional obligation to provide medical care to those whom it detains." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rhinehart v. Scutt*, 894 F.3d 721, 736–37 (6th Cir. 2018); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)). The Eighth Amendment requires prison officials to provide medically necessary mental health treatment as well. *See Estelle*, 429 U.S. at 103; *Gov't of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001); *Lay v. Norris*, No. 88-5757, 1989 WL 62498, at *4 (6th Cir. June 13, 1989); *Potter v. Davis*, No. 82-5783, 1985 WL 13129, at * 2 (6th Cir. Apr. 26, 1985).

The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle*, 429 U.S. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Deliberate indifference may be manifested by a medical professional's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

An Eighth Amendment claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective

component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore*, 390 F.3d at 899; *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The Eighth Amendment's subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart*, 894 F.3d at 738 (quoting *Farmer*, 511 U.S. at 842).

Plaintiff's allegations are simply too conclusory to state Eighth Amendment claims for the denial of medical and mental treatment against Defendants. Plaintiff sets forth that he suffered two black eyes and "other injuries" during the use of force. Without more information, the Court cannot

conclude that black eyes constitute sufficiently serious medical needs. *See Gonzalez v. Lusardi*, 930 F. Supp. 2d 840, 854–55 (E.D. Ky. 2013). Plaintiff also alleges that he was "beat[en] until he was unconscious and woke up by being kicked in the face." (ECF No. 1, PageID.9.) While unconsciousness can certainly qualify as a serious medical need, *see Phillips*, 534 F.3d at 540, Plaintiff's complaint does not permit the Court to infer that he was unconscious for a long period of time and that he suffered any adverse effects from being unconscious. Plaintiff's allegations are too conclusory to show sufficiently serious medical conditions that were "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 899–900. Moreover, although Plaintiff contends that he suffers from numerous mental disabilities, he fails to provide any facts to support his conclusory assertion that Defendants knew or should have known about those disabilities. Furthermore, nothing in Plaintiff's complaint suggests that he asked for medical and mental health treatment and was denied, or that Defendants were aware of any need for treatment.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. There is nothing alleged in the complaint that might distinguish a deliberate indifference to Plaintiff's needs from simple negligence, which *Farmer* has held is not enough for an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835 (holding that an Eighth Amendment violation requires a "state of mind more blameworthy than negligence"). The Court, therefore, will dismiss Plaintiff's Eighth Amendment claims against Defendants premised upon a denial of medical and mental health treatment.

## Conclusion

For the reasons set forth above, the Court will deny Plaintiff's request for counsel (ECF No. 1, PageID.10). Moreover, having conducted the review required by the Prison Litigation

Reform Act, the Court determines that the following claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c): (1) Plaintiff's ADA claims; (2) Plaintiff's § 1983 official capacity claims; (3) Plaintiff's Eighth Amendment excessive force claim against Defendant Huss; and (4) Plaintiff's Eighth Amendment claims for denial of medical and mental health treatment. Plaintiff's personal capacity Eighth Amendment excessive force claims against Defendants Tucker, VanAcker, Kellett, Giotto, and Fortin, as well as his personal capacity Eighth Amendment failure to intervene claim against Defendant Huss, remain in the case.

      An order consistent with this opinion will be entered.

Dated: May 3, 2023            /s/ *Maarten Vermaat*
                                                  Maarten Vermaat
                                                United States Magistrate Judge